## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |
|---|---|
| **PAULA NEGRO** : | |
| **New York, NY 10065** : | **CIVIL ACTION NO.** |
| : | **20-10407** |
| **Plaintiff,** : | |
| **v.** : | **JURY TRIAL DEMANDED** |
| : | |
| **AMTRUST NORTH AMERICA, INC.** : | |
| **59 Maiden Lane, 42ⁿᵈ Floor** : | |
| **New York, NY 10038** : | |
| : | |
| **Defendant.** : | |

_____ :

### FIRST AMENDED COMPLAINT

## I.   INTRODUCTION

Plaintiff, Paula Negro, brings this action against her former employer,

AmTrust North America, Inc. ("Defendant"), for discriminating against Plaintiff

because of her sex and for retaliating against Plaintiff because of her complaints

of discrimination, in violation of Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the New York State Human

Rights Law, N.Y. Exec. Law § 296 ("NYSHRL") and the New York City Human

Rights Law, N.Y.C. Admin. Code § 8-107 ("NYCHRL").

Plaintiff seeks damages, including economic loss, compensatory

damages, punitive damages, costs and attorney's fees, and all other relief this

Court deems appropriate.

## II.   PARTIES

1.      Plaintiff, Paula Negro, is an individual and a citizen of the State of New

York.  Plaintiff resides in New York, NY.

2.      Plaintiff is female.

3.      Defendant is a Delaware corporation which maintains a principal place of business located at 59 Maiden Lane, 42nd Floor, New York, NY 10038.

4.      Defendant is engaged in an industry affecting interstate commerce and regularly does business in New York State and New York City.

5.      At all relevant times, Plaintiff primarily worked at Defendant's offices located in New York, NY.

6.      At all relevant times, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

7.      At all relevant times, Defendant acted as an employer within the meanings of the statutes which form the basis of this matter.

8.      At all relevant times, Plaintiff was an employee of Defendant within the meanings of the statutes which form the basis of this matter.

**III.    JURISDICTION AND VENUE**

9.      The causes of action which form the basis of this matter arise under Title VII, the NYSHRL and the NYCHRL.

10.     The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

11.     The District Court has supplemental jurisdiction over Count II (NYSHRL) pursuant to 28 U.S.C. §1367.

12.     The District Court has supplemental jurisdiction over Count III

(NYCHRL) pursuant to 28 U.S.C. §1367.

13.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

14.     On or about December 2, 2019, Plaintiff filed a complaint of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC complaint (with personal identifying information redacted).

15.     On or about September 11, 2020, the EEOC issued to Plaintiff a Dismissal and Notice of Rights pertaining to Plaintiff's agency complaint. Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

16.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     <u>FACTUAL ALLEGATIONS</u>

17.     Plaintiff was hired by Defendant on or about May 31, 2019.

18.     Plaintiff held the position of Assistant Vice President of North America Marketing.

19.     Plaintiff reported to Hunter Hoffmann ("Hoffmann") (male), Vice President of Global Marketing & Communications.

20.     Throughout her employment with Defendant, Plaintiff consistently demonstrated positive performance and dedication.

21.     Plaintiff performed her job responsibilities in a highly competent manner.

22.     After being hired by Defendant, Plaintiff was discriminated against and retaliated against, primarily by AJ Jacobs ("Jacobs") (male), Assistant Vice President of Corporate Marketing, and Hoffmann. This harassment includes, by way of example only and without limitation, the following conduct:

(a)     attempting to undermine Plaintiff's performance and set her up for failure;

(b)     generally treating Plaintiff in a harsh and demeaning manner;

(c)     refusing to effectively communicate with Plaintiff and excluding Plaintiff from meetings;

(d)     blocking Plaintiff from participating in projects;

(e)     not allowing Plaintiff to attend a sales conference; and

(f)     falsely criticizing Plaintiff's performance.

23.     In August 2019, Plaintiff submitted multiple complaints to Defendant about both the harassing behavior and about the retaliation she was subjected to following those complaints.

24.     This included complaints to Hoffmann, to Defendant's upper-management and to Defendant's human resources department.

25.     After Plaintiff's complaints to Hoffmann resulted in retaliation, on August 27, 2019, Plaintiff explained to upper-management:

> I've brought these issues to [Hoffmann] on several occasions and now he's also being antagonistic toward me and blaming me. [Hoffmann] is well aware of [Jacob]'s anger issues and his tendency to ignore addressing issues. Now [Hoffmann] is starting to accuse me of not meeting expectations and will say I'm not doing something but I can show him emails that prove that I am.
>
> We were on a call today to try to rectify the situation but [Hoffmann] kept blaming me and not listening to what I had to say. […] The call ended with [Hoffmann] hanging up the phone.

> I would like to find a solution to this situation as quickly as possible.

26.     Shortly after Plaintiff's complaints, Defendant falsely criticized her performance and set her up for failure, which includes, by way of example only and without limitation: issuing Plaintiff an unfounded Final Written Warning; and instructing her not to attend a National Sales Conference which she had previously planned on attending.

27.     Both of those examples occurred on or about August 28, 2019 (the day after Plaintiff's August 27th complaint to upper-management referenced above).

28.     Prior to Plaintiff's complaints, she had not been issued any performance deficiency notice.

29.     The Final Written Warning was the first performance warning issued to Plaintiff by Defendant.

30.     The Final Written Warning identified prior discussions regarding deficiencies in Plaintiff's performance on certain dates. This is false.

31.     The alleged performance deficiencies set forth in the Final Written Warning were vague, highly subjective and false.

32.     Defendant had a progressive discipline policy for managing performance concerns.

33.     Defendant failed to follow its progressive discipline policy in Plaintiff's case.

34.     Despite the illegitimacy of the Final Written Warning, Plaintiff was committed to working to improve upon the alleged performance deficiencies and she communicated that to Defendant.

35.     On that same day, on or about August 28, 2019, Hoffmann informed Plaintiff that she was no longer allowed to attend the National Sales Conference in Kentucky the following week.

36.     Prior to Plaintiff's complaints, it was understood that she would be attending the National Sales Conference, and in fact she had plans in place to attend with her team.

37.     Defendant did not provide Plaintiff with any legitimate explanation as to why she was no longer permitted to attend the National Sales Conference.

38.     Defendant issued Plaintiff the unfounded Final Written Warning and prevented her from participating in the National Sales Conference as a result of her sex and in retaliation for her complaints of discrimination and retaliation.

39.     On or about September 4, 2019, Plaintiff again complained to upper-management and human resources, which includes complaining of a sex-based hostile work environment and retaliation as a result of her prior complaints.

40.     On or about September 17, 2019, Defendant's human resources department verbally informed Plaintiff that an investigation had allegedly been completed and that Plaintiff had not been discriminated against.

41.     Plaintiff was not provided with the basis for that alleged conclusion nor was Plaintiff provided with the details of what the alleged investigation actually entailed.

42.     Defendant failed to properly investigate, remedy and prevent the discriminatory and retaliatory conduct to which Plaintiff was subjected.

43.     On or about September 24, 2019, during a telephone call with

Hoffmann and human resources, Defendant terminated Plaintiff's employment, effective immediately.

44.     Defendant's stated reason for terminating Plaintiff's employment was that "it's not working out."

45.     Defendant's stated reason is false and a pretext for unlawful discrimination and retaliation.

46.     Defendant terminated Plaintiff's employment less than one (1) month after she was issued the Final Written Warning.

47.     After the Final Written Warning but prior to Plaintiff's termination, Defendant did not provide Plaintiff with any counseling or job coaching or make any other legitimate efforts to help her improve upon the alleged performance deficiencies.

48.     After the Final Written Warning but prior to Plaintiff's termination, Plaintiff had no performance deficiencies and she continued to perform her job in a highly competent manner.

49.     Defendant subjected Plaintiff to a hostile work environment because of her sex and/or her complaints of discrimination and retaliation.

50.     Defendant terminated Plaintiff because of her sex and/or her complaints of discrimination and retaliation.

51.     Plaintiff was the only employee terminated by Defendant on September 24, 2019.

52.     Defendant retained all other employees, including male and/or non-complaining employees.

53.     Defendant failed to take appropriate corrective or preventative measures in response to any of Plaintiff's complaints.

54.     Other male and/or non-complaining employees were not treated in the same or similar manner as described herein, which includes them not being subjected to a hostile work environment and not having their employment terminated for false reasons.

55.     The retaliatory conduct set forth herein would dissuade a reasonable employee from complaining about discrimination.

56.     The discriminatory and retaliatory conduct of Defendant as alleged herein, was sufficiently severe and/or pervasive to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

57.     Defendant, through its discriminatory and retaliatory conduct, caused Plaintiff to be treated less well, and subjected Plaintiff to inferior terms, conditions or privileges of employment, constituting harassment.

58.     Plaintiff's sex was a motivating and determinative factor in connection with Defendant's discriminatory treatment of Plaintiff, including subjecting her to a hostile work environment and terminating her employment.

59.     Plaintiff's complaints of discrimination were a motivating and determinative factor in connection with Defendant's retaliatory treatment of Plaintiff, including subjecting Plaintiff to a hostile work environment and terminating her employment.

60.     As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

61.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

62.     Defendant acted with malice and/or reckless indifference to Plaintiff's protected rights. The conduct of Defendant, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages.

63.     Defendant's actions amount to recklessness or willful or wanton negligence, demonstrating a conscious disregard for the rights of Plaintiff and others, or constitute conduct so reckless as to amount to such disregard.

## <u>COUNT I – TITLE VII</u>

64.      Plaintiff incorporates herein by reference the above paragraphs, as if set forth herein in their entirety.

65.      By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

66.      As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

67.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

68.     No previous application has been made for the relief requested herein.

## COUNT II – NYSHRL

69     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

70.     By committing the foregoing acts of discrimination and retaliation, Defendant has violated the NYSHRL.

71.     As a direct and proximate result of Defendant's violations of the NYSHRL, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

72.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

73.     No previous application has been made for the relief requested herein.

## COUNT III – NYCHRL

74.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

75.     By committing the foregoing acts of discrimination and retaliation, Defendant has violated the NYCHRL.

76.     As a direct and proximate result of Defendant's violations of the NYCHRL, Plaintiff has sustained the injuries, damages, and losses set forth

herein and has incurred attorneys' fees and costs.

77.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

78.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a)     declaring the acts and practices complained of herein to be in violation of Title VII;

(b)     declaring the acts and practices complained of herein to be in violation of the NYSHRL;

(c)     declaring the acts and practices complained of herein to be in violation of the NYCHRL;

(d)     entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(e)     enjoining and restraining permanently the violations alleged herein;

(f)     awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits, and earning capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendant's discriminatory and retaliatory conduct;

(g)      awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(h)      awarding Plaintiff costs of this action, together with reasonable attorney's fees;

(i)      awarding punitive damages to Plaintiff under Title VII, the NYSHRL and the NYCHRL;

(j)      awarding Plaintiff such other damages as are appropriate under Title VII, the NYSHRL and the NYCHRL; and

(k)      granting such other and further relief as this Court deems appropriate.


                                        **CONSOLE MATTIACCI LAW, LLC**

Dated: December 10, 2020          BY:  _s/ Kevin Console_
                                        Kevin Console
                                        5 Penn Plaza, 23rd Floor
                                        New York, NY 10001
                                        kevinconsole@consolelaw.com

                                        Attorney for Plaintiff,
                                        Paula Negro

# EXHIBIT 1

EEOC Charge of Discrimination – Paula Negro

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | AGENCY<br>Q  FEPA<br>X  EEOC | CHARGE NUMBER |
|---|---|---|
| STATE OR LOCAL AGENCY: | | |

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>**Paula Negro** | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | REDACTED |

| STREET ADDRESS<br>REDACTED | CITY, STATE AND ZIP<br>New York, NY 10065 | DATE OF BIRTH<br>REDACTED |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OR LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**AmTrust North America, Inc.**<br>**AmTrust Financial Services, Inc.** | NUMBER OF EMPLOYEES, MEMBERS<br>> 500 | TELEPHONE (Include Area Code)<br>(215) 855-9055 |
|---|---|---|

| STREET ADDRESS<br>59 Maiden Lane, 42nd Floor | CITY, STATE AND ZIP<br>New York, NY 10038 | COUNTY<br>New York |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   Q Color   **X** Sex   Q Religion   Q National Origin<br>**X** Retaliation   Q Age   Q Disability   Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*        *Latest* 09/24/2019 |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

I was hired by Respondent on or about May 31, 2019. I held the position of Assistant Vice President of North America Marketing. I reported to Hunter Hoffmann ("Hoffmann") (male), Vice President of Global Marketing & Communications. I worked out of a branch office of Respondent located in New York, New York.

Throughout my employment, Respondent subjected me to a sex-based work environment. After I complained of sex discrimination, Respondent subjected me to a retaliatory hostile work environment which ultimately resulted in Respondent terminating my employment for false and pretextual reasons.

I consistently demonstrated positive performance and dedication to Respondent. I performed my duties in a highly-competent manner.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date: 11/15/19       Charging Party *(Signature)*:<br><br>*Paula Negro* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

**EEOC Charge of Discrimination – Paula Negro**

2.    Harm Summary

I have been discriminated against because of my sex (female) and retaliated against because of my complaints discrimination.  Evidence of the discriminatory and retaliatory conduct to which I have been subjected includes, but is not limited to, the following:

(a)  After being hired by Respondent, I was discriminated against and retaliated against, primarily by AJ Jacobs ("Jacobs") (male), Assistant Vice President of Corporate Marketing, and Hoffmann. This harassment includes, by way of example only and without limitation, the following conduct:

     i.   attempting to undermine my performance and set me up for failure;
    ii.  generally treating me in a harsh and demeaning manner;
    iii. refusing to effectively communicate with me;
    iv. blocking me from participating in projects;
    v.  not allowing me to attend a sales conference;
    vi. excluding me from meetings; and
    vii. falsely criticizing my performance.

(b)  In August 2019, I submitted multiple complaints to Respondent – including to Hoffmann, to Respondent's upper-management and to Respondent's Human Resources department ("HR") – about both the harassing behavior and the retaliation against me as a result of my complaints.

(c)  After my complaints to Hoffmann resulted in retaliation, on August 27, 2019, I explained to upper-management that:

> I've brought these issues to [Hoffmann] on several occasions and now he's also being antagonistic toward me and blaming me. [Hoffmann] is well aware of [Jacob]'s anger issues and his tendency to ignore addressing issues. Now [Hoffmann] is starting to accuse me of not meeting expectations and will say I'm not doing something but I can show him emails that prove that I am.
>
> We were on a call today to try to rectify the situation but [Hoffmann] kept blaming me and not listening to what I had to say. [...] The call ended with [Hoffmann] hanging up the phone.
>
> I would like to find a solution to this situation as quickly as possible.

(d)  Shortly after my complaints, Respondent falsely criticize my performance and set me up for failure, which includes, by way of example only and without limitation: issuing me an unfounded Final Written Warning; and instructing me not to attend a National Sales Conference which I had previously planned on attending. Both of those examples occurred on or about August 28, 2019 (the day after my complaint to upper-management, above).

(e)  Prior to my complaints, I had not been issued any documented performance deficiency notice.

(f)  The Final Written Warning was the first performance warning issued to me by Respondent.

(g)  The Final Written Warning identifies prior discussions regarding deficiencies in my performance on certain dates. This is false.

(h)  The alleged performance deficiencies set forth in the Final Written Warning are vague, highly-subjective and false.

**EEOC Charge of Discrimination – Paula Negro**

(i)   Respondent has a progressive discipline policy for managing performance concerns. Respondent inexplicably failed to follow this policy in my case.

(j)   Despite the illegitimacy of the Final Written Warning, I was committed to working to improve upon the alleged performance deficiencies and I communicated this to Respondent.

(k)   On that same day, on or about August 28, 2019, Hoffmann informed me that I was no longer allowed to attend the National Sales Conference in Kentucky the following week.

(l)   Prior to my complaints, it was understood that I would be attending the National Sales Conference, and in fact I had plans to attend with my team.

(m) Respondent did not provide me with any legitimate explanation as to why I was no longer permitted to attend the National Sales Conference.

(n)   Respondent issued me the bogus Final Written Warning and prevented me from participating in the National Sales Conference as a result of my sex and in retaliation for my complaints.

(o)   On or about September 4, 2019, I again complained to upper-management and HR, including complaints of a sex-based hostile work environment and retaliation as a result of my prior complaints.

(p)   On or about September 17, 2019, Respondent's HR department verbally informed me that Respondent's investigation was completed and that I had not been discriminated against. I was not provided with the basis for that alleged conclusion nor was I provided with the details of what the alleged investigation actually entailed.

(q)   Respondent failed to properly investigate, remedy and prevent the discriminatory and retaliatory conduct to which I was subjected.

(r)   On or about September 24, 2019, during a telephone call with Hoffmann and HR, Respondent terminated my employment, effective immediately.

(s)   Respondent's stated reason for terminating my employment was that "it's not working out."

(t)   Respondent's stated reason for terminating my employment is false and a pretext for unlawful discrimination and retaliation.

(u)   Respondent terminated my employment less than one (1) month after I was issued the Final Written Warning.

(v)   After the Final Written Warning but prior to my termination, Respondent did not provide me with any counseling or make any legitimate efforts to help me improve upon the alleged performance deficiencies.

(w) After the Final Written Warning but prior to my termination, I had no performance deficiencies and I continued to perform my job in a highly competent manner.

(x)   Respondent subjected me to a hostile work environment because of my sex and/or my complaints of a sex-based hostile work environment.

(y)   I was the only employee terminated by Respondent on September 24, 2019.

(z)   Respondent retained all other employees, including male and/or non-complaining employees.

EEOC Charge of Discrimination – Paula Negro

      (aa) Respondent failed to take appropriate corrective or preventative measures in response to any of my complaints.

      (bb) Other male and/or non-complaining employees were not treated in the same or similar manner as described herein, including them not being subjected to a hostile work environment and not having their employment terminated for false reasons.

B.    Respondent's Stated Reasons

    1.  Respondent's stated reason for terminating my employment – it allegedly "not working out" – is false and a pretext for sex discrimination and/or retaliation because of my complaints of sex discrimination.

    2.  Respondent has not provided any explanation for subjecting me to a hostile work environment because of my sex and/or complaints of sex discrimination.

C.    Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my sex (female) and retaliated against me based on my complaints of sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"); the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 ("NYCHRL").


RECEIVED 19 DEC -2 PM 4: 25 EEOC PHILADELPHIA DISTRICT OFFICE

# EXHIBIT 2

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Ms. Paula Negro**
REDACTED
**New York, NY 10065**

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2020-01372** | **D. Young,** **Investigator** | **(929) 506-5309** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Judy A. Keenan*

Dey

**Judy A. Keenan,**
**District Director**

9-11-2020

*(Date Mailed)*

Enclosures(s)

cc:
**Attn.: Chaya Cooperberg**
**EVP & Chief Human Resources Officer**
**AMTRUST FINANCIAL SERVICES INC**
**59 Maiden Lane**
**New York, NY 10038**

**Attn.: Mr. Kevin Console, Esq.**
**CONSOLE MATTIACCI LAW**
**1525 Locust Street 9th Floor**
**Philadelphia, PA 19102**