```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                             :
PAULA NEGRO,                                                 :
                                                             :
                             Plaintiff,                      :   20-CV-10407 (JMF)
                                                             :
              -v-                                            :   ORDER
                                                             :
AMTRUST NORTH AMERICA, INC.,                                 :
                                                             :
                             Defendant.                      :
                                                             :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

    The Court will hold a bench trial in this case. As discussed during the conference held on **July 20, 2022**, the following schedule shall govern the further conduct of pretrial proceedings in this case:

1. By **October 20, 2022**, the parties shall file a Joint Pretrial Order, including any and all information relevant to the trial referenced in the Court's Individual Rules and Practices in Civil Cases (available at https://nysd.uscourts.gov/hon-jesse-m-furman) with respect to Joint Pretrial Orders.

2. At the same time, the parties shall each file Proposed Findings of Fact and Conclusions of Law. As there may be no opportunity for post-trial submissions, the Proposed Findings of Fact should be detailed and should include citations to the proffered trial testimony and exhibits, and the Proposed Conclusions of Law shall include all law that the parties wish to submit to the Court. The parties may not submit additional memoranda of law (before or after trial) without leave of Court.

3. At the same time, the parties shall serve, *but not file*, affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the hearing. Witness affidavits are subject to the same rules and restrictions as would apply in the case of live testimony (i.e., they are a direct substitute for the live direct testimony), so the parties should be diligent in complying with all applicable Rules of Evidence, including but not limited to the rules regarding hearsay, personal knowledge, and proper foundation (e.g., as to any evidence offered in connection with the witness's direct testimony). Additionally, Rule 615 of the Federal Rules of Evidence applies to the witness affidavits just as it would if the witnesses were providing live testimony in open court. That is, fact witnesses may not

    read any affidavit of another witness (unless and until the Court grants leave to do otherwise in accordance with Rule 615).  It is counsel's obligation to ensure that witnesses are aware of, and comply with, that rule.

4. At the same time, the parties shall also serve, *but not file*, all deposition excerpts that will be offered as substantive evidence, as well as a one-page synopsis (with transcript citations) of those excerpts for each deposition.

5. At the same time, the parties shall provide the Court with an electronic copy of each exhibit sought to be admitted (with each filename corresponding to the relevant exhibit number — e.g., "PX-1," "DX-1," etc.) on either a CD-ROM or a flash drive.  If submission of electronic copies would be an undue burden on a party, the party may seek leave of Court (by letter-motion filed on ECF) to submit prospective documentary exhibits in hard copy.  Each hard copy shall be pre-marked (that is, with an exhibit sticker) and assembled sequentially in a loose leaf binder (not to exceed 2 1/2 inches in thickness) or in separate manila folders labeled with the exhibit numbers and placed in redweld folders labeled with the case name and docket number.  The parties shall also provide, by e-mail to the Court (Furman_NYSDChambers@nysd.uscourts.gov), a Microsoft Word document listing all exhibits sought to be admitted.  The list shall contain four columns labeled as follows: (1) "Exhibit Number"; (2) "Description" (of the exhibit); (3) "Date Identified"; and (4) "Date Admitted."  The parties shall complete the first two columns, but leave the third and fourth columns blank, to be filled in by the Court during trial.

6. Three business days after submission of the affidavits discussed above, counsel for each party shall file a list of all affiants whom he or she intends to cross-examine at the trial.  Only those witnesses who will be cross-examined need to appear at trial.  The original signed affidavits should be brought to trial to be marked as exhibits.

7. By **October 27, 2022**, the parties shall file any reply memorandum of law to any memorandum filed with the Joint Pre-Hearing Order.

8. By the same date, each side shall file, with respect to each direct testimony affidavit submitted by the opposing side, a chart with three columns: (1) listing any paragraph number of the affidavit to which the side objects; (2) the text of the paragraph subject to objection; and (3) the basis for the objection (e.g., "hearsay," "lack of personal knowledge," "foundation," "relevance," etc.).

9. The parties shall be prepared for trial to begin as early as approximately two weeks after the submission of the Joint Pretrial Order and related materials, but the Court will provide further guidance on the scheduling of trial and a final pretrial conference after the parties make their pretrial submissions.

SO ORDERED.

Dated: July 20, 2022
       New York, New York

JESSE M. FURMAN
United States District Judge